UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDRE ANTROBUS,

      Plaintiff,

  -against-

DEPARTMENT OF CORRECTIONS (NYC);
NEW YORK CITY; GRVC UNKNOWN,

      Defendants.

---

24-CV-9474 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff filed this action *pro* se, seeking to proceed *in forma pauperis*. On December 17, 2024, the Court concluded that, while Plaintiff was a prisoner, he had filed three or more cases that had been dismissed as frivolous, malicious, or for failure to state a claim. The Court therefore ordered Plaintiff, within thirty days, to show cause by declaration why the Court should not find that he was barred, under 28 U.S.C. § 1915(g), from filing further actions *in forma pauperis* in this Court while a prisoner. Plaintiff did not file a declaration, and the time to do so has expired.

## CONCLUSION

  The Court finds that, while Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, Section 1915(g) bars Plaintiff from filing future actions *in forma pauperis* while he is a prisoner unless he is under imminent threat of serious physical injury.

The Court denies Plaintiff's request to proceed *in forma pauperis* and dismisses the complaint without prejudice under the Prison Litigation Reform Act's "three-strikes" rule.[1] *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 27, 2025
       New York, New York

                          /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                           Chief United States District Judge

---

[1] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).